```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  HOT SPRINGS DIVISION
```

DATACOM SYSTEMS, INC.                                PLAINTIFF

      v.           Case No. 6:08-CV-06102

JDL DIGITAL SYSTEMS INC.;
AIRSHIP INDUSTRIES, INC.; JOHN
ZHU; SONG XU; JOHN XU; AND
VICTOR HUANG                                         DEFENDANTS

## MEMORANDUM OPINION & ORDER

Before the Court are Separate Defendants JDL Digital Systems, Inc.; Airship Industries, Inc.; John Zhu; Song Xu; and Victor Huang's Motion to Dismiss (Doc. 4), Datacom's Response (Doc. 10), and Separate Defendants' Supplemental Response (Doc. 13). The Separate Defendants claim John Xu is unknown to them. Airship and the separate individual defendants (John Zhu, Song Xu, and Victor Huang) seek to dismiss due to lack of personal jurisdiction, the failure of Datacom's complaint to state a claim on which relief can be granted, and insufficient service of process. JDL seeks to dismiss due to insufficient service of process. For the reasons discussed below, the Separate Defendants' Motion is **GRANTED IN PART AND DENIED IN PART.**

### A. Facts & Background

Datacom's Complaint states that JDL and Datacom had a business relationship for the development of hardware and

software that was governed by a series of agreements. Datacom contends that JDL knowingly made material misrepresentations relied on by Datacom in forming the agreements, that JDL failed to perform its obligations under the agreements, and that JDL, Airship, and the individual defendants have misappropriated intellectual property produced from Datacom and JDL's working relationship for their own gain. Specifically, Datacom accuses JDL, Airship, and the individual defendants of pirating the make and build files and other customized software developed under the Amended Partnership Agreement between Datacom and JDL. Datacom claims it has performed its contractual obligations.

The majority of Datacom's Complaint concerns Datacom's relationships and action against JDL. Datacom's complaint mentions Airship in paragraphs 2, 11, 12, 13, 15, 19, 23, and 26, and only mentions the individual defendants in paragraphs 3, 13, 15, 23, and 26. Based on the Defendants' affidavits, John Zhu and Zhongwei Zhu are the same person and Derek Xu and Song Xu are also the same person.

Datacom's affidavits in opposition to Separate Defendants' Motion assert the following contacts with the state of Arkansas above those listed in the complaint: Victor Huang, John Zhu, and Derek Xu are the principal shareholders of JDL, and Jack Bailey, the CEO of Datacom, believes and is informed that Airship is owned either by JDL or JDL's shareholders. Those three

individuals have visited Arkansas during which time they became familiar with DataCom's business.

**B. Standard of Review**

In ruling on a motion to dismiss, the district court must accept the factual allegations contained in the complaint as true and review the complaint to determine whether the allegations show the pleader is entitled to relief. *Schaaf v. Residential Funding Corp.,* 517 F.3d 544, 549 (8th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires a pleading that states a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

**C. Discussion**

**1. Service of Process**

The first ground for Separate Defendants' Motion to Dismiss alleges insufficient service of process. Federal Rule of Civil Procedure 4(e) endorses two methods of serving process that are relevant to this case. The first method is personally delivering a copy of the summons to the individual. The second is leaving a copy of the summons and the complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there.

Since the original filing of Separate Defendants' Motion, the Plaintiff has made several filings. The Court has received

3

affidavits of personal service on Victor Huang, service on JDL through personal service of its registered agent John Zhu, personal service on a John Doe co-resident of suitable age and discretion at the residence of Song Xu, and the Jane Doe wife of John Zhu who is of suitable age and discretion at his residence. These affidavits were made by the server, as required by Fed.R.Civ.Pro. 4(l)(1). Each affidavit was sworn to be true under penalty of perjury. The Court has received no indication of service on Airship. The separate individual defendants claim in their own affidavits that the affidavits of service are either incorrect or inadequate. The Court believes that each Defendant seeking to dismiss has actual knowledge of the lawsuit. Therefore, the Court determines that the relevant issue is determination of the sufficiency of process when the parties file conflicting affidavits and the Separate Defendants have actual knowledge of the suit.

The Court is unaware of an Eighth Circuit decision addressing conflicting affidavits of service that occurred less than fifty years ago. In *Hicklin v. Edwards* the Eighth Circuit stated that "the officer's return upon the summons imports verity which can be overcome only by strong and convincing evidence." 226 F.2d 410, 414 (8th Cir. 1955). A signed return of service is prima facie evidence of valid service and sufficient in of itself. *See Greater St. Louis Constr. Laborers Welfare*

*Fund v. Little*, 182 F.R.D. 592, 596 (E.D. Mo. 1998). Furthermore, Rule 4 should be construed liberally in the interests of justice. *Combs v. Nick Garin Trucking*, 825 F.2d 437, 446 (D.C. Cir. 1987). The underlying purpose of the service of process requirements is to ensure actual notice, and actual notice weighs towards proper service.

In this case, the Court has received the required affidavits of service for all of the Separate Defendants except Airship, and it is clear that all Defendants, except John Xu, have actual knowledge of the proceedings against them. Defendants' affidavits do not constitute strong and convincing evidence of non-service and are therefore insufficient to counter the presumption of valid service that arises from an affidavit of a process server combined with actual knowledge. The sole ground for dismissal of JDL in the Separate Defendants' Motion is insufficient service of process. Since the Separate Defendants' motion was filed, Plaintiff has submitted an affidavit of service for JDL. The Separate Defendants have not further contested proper service of JDL. The Court finds that proper service has been made on all Defendants except John Xu and Airship, but the 120 days period for service of process has not elapsed. *See* Fed.R.Civ.Pro. 4(m).

**2. Failure to State a Claim on Which Relief Can be Granted**

In addition to the substantive grounds for failure to state

5

a claim on which relief can be granted, the parties also disagree on the proper standard of review for a 12(b)(6) motion. In their supplement, Separate Defendants claim that *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955 (2007), rendered obsolete the principal that the Court must accept the allegations as true and construe the Complaint in the light most favorable to Plaintiff. The complaint in *Twombly*, alleged behavior that the Plaintiffs in a putative class action believed to be a sufficient factual basis for a conspiracy. *Id*. at 1964. However, the Court recognized that while such behavior was consistent with an illegal conspiracy, it was also consistent with legitimate business strategy, and previous rulings had shown that the behavior alleged in the complaint did not entitle a plaintiff to either a directed verdict or to summary judgment. *Id*. In other words, the facts alleged in the complaint, when accepted as true, could not entitle the pleader to the desired relief as a matter of law and therefore did not state a claim on which relief could be granted.

To defeat a 12(b)(6) motion, pleadings governed by Rule 8 need to fulfill two requirements: notice and legal sufficiency. *See E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). First, they need to contain sufficient factual detail for the defendant to receive "fair notice of the basis for petitioner's claims." *Swierkiewicz v. Sorema N.A.*, 534

AO72A
(Rev. 8/82)

U.S. 506 (2002). Second, when accepted as true, the pleadings must demonstrate a viable claim for relief that is more than merely speculative. *Twombly*, 127 S.Ct. at 1965. For the purposes of a 12(b)(6) motion, courts must still accept the facts in a complaint as true for the purpose of determining their legal sufficiency.

The Separate Defendants' first argument in favor of its 12(b)(6) motion is that Datacom is not entitled to relief from any party but JDL because no other Defendant was a party to the contract. Contrary to the Separate Defendants' assertions, the amended Complaint is not premised on any Defendant other than JDL being a party to any relevant contract, and does not accuse any party other than JDL of breach of contract. Datacom accuses Airship and the individual defendants of software piracy, *i.e.* copyright infringement. Copyright infringement has two elements: ownership of a valid copyright and copying of original elements of the work. *Mulcahy v. Cheetah Learning LLC*, 386 F.3d 849, 852 (8th Cir. 2004) (citing *Feist Pub'lns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

Datacom's complaint provides factual background to establish a basis for ownership of copyrighted software, access by the Defendants, and illegal copying of the copyrighted materials. It is unnecessary for Datacom to allege copying with great specificity; complainants need not plead copyright

7

infringement with specificity. *See* Fed.R.Civ.Pro.9(b). The Complaint therefore states a claim on which relief may be granted.

In its supplement, the Separate Defendants argue that the Datacom that is a party to this lawsuit is different than the Datacom that entered into the agreements with JDL. The Court considers this a fact question and accepts for the purpose of this Motion that the Plaintiff is the same Datacom that was a party to the agreements attached to the original complaint.

### 3. Personal Jurisdiction

Airship and the individual defendants, not JDL, have controverted personal jurisdiction. "If jurisdiction has been controverted, the plaintiff has the burden of proving facts supporting personal jurisdiction." *Miller v. Nippon Carbon Co.*, 528 F.3d 1087, 1090 (8th Cir. 2008). To defeat a motion to dismiss for lack of personal jurisdiction, the plaintiff need only make a prima facie showing of personal jurisdiction over the defendant. *Digi-Tel Holdings, Inc. v. Proteq Telecommunications (PTE), Ltd.*, 89 F.3d 519, 522 (8th Cir. 1996). In a decision based on pleadings and affidavits, the Court must view conflicting facts in the light most favorable to the nonmoving party. *Id*. at 646-47. Jurisdiction need not be proved by a preponderance of the evidence until trial or until the court holds an evidentiary hearing. *Epps v. Stewart*

*Information Services Corp.*, 327 F.3d 642, 647 (8th Cir. 2003).

Federal courts "may exercise jurisdiction over a foreign defendant only to the extent permitted by the forum state's long-arm statute and by the Due Process Clause of the Constitution." *Miller*, 528 F.3d at 1090. Arkansas's long-arm statute grants personal jurisdiction to the extent permitted by the United States constitution. Ark. Code Ann. § 16-4-101.

The Supreme Court has described two theories of personal jurisdiction. Courts may exercise personal jurisdiction using either general or specific jurisdiction. General jurisdiction requires continuous and systemic contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984). For specific jurisdiction, the controversy must arise out of the contacts with the forum, and the foundation of personal jurisdiction lies in the "relationship among the defendant, the forum, and the litigation." *Helicopteros*, 466 U.S. at 414. Personal jurisdiction is proper over a party that purposefully directs its activities at a jurisdiction and therefore purposefully avails itself of the laws of the jurisdiction and receives the benefit of the legal protections therein. *See World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 297 (1980). In its brief, Plaintiff concedes that Airship and the separate individual defendants' contacts with Arkansas do not rise to the level of general jurisdiction, so the issue before

the Court is whether the Court has specific personal jurisdiction over Airship and the separate individual defendants.

The Eighth Circuit has established a five-factor test to determine the sufficiency of the defendant's contacts for determining if a court may exercise personal jurisdiction. *Epps*, 327 F.3d at 648. Those factors are: (1) the nature and quality of contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties. *Id.* The first three factors are more important. *Id.* "Personal jurisdiction can be properly asserted over a corporation if another is acting as its alter ego, even if that alter ego is another corporation." *Id.* at 649.

The affidavit of Jack Bailey asserts that Victor Huang, John Zhu, and Song Xu have visited Arkansas for the purpose of working on some of the hardware and software development projects arising from the relationship between JDL and DataCom. The affidavits of Huang and Zhu confirm their presence in Arkansas from February 16-18, 2005 as representatives of JDL, "for the purpose of becoming familiar with DataCom's operations and working out the terms of a possible agreement with DataCom." According to his affidavit, Zhu visited Arkansas again on June

10

17-19 of an unknown year to negotiate Datacom's outstanding debt. The affidavit of Song (Derek) Xu neither confirms nor denies Bailey's assertions that Xu has visited Arkansas for business purposes. The affidavit of Victor Huang states that Airship is a brand and wholly owned subsidiary of JDL.

Based on the affidavits and other attachments and supplements to the parties' Motions, there is no evidence before the Court that Airship has any direct contacts with Arkansas. Although Song (Derek) Xu and Zhongwei (John) Zhu, the two known officers of Airship, visited Arkansas, they did so as representatives of JDL, not of Airship. Airship and JDL have different business identifier numbers and different addresses in different, albeit neighboring, cities. In the Washington corporations registration database, JDL's officers are listed as John Zhu, President; Derek Xu, Vice President; Fan Guo, Secretary; and Victor Huang Treasurer. The Washington corporations database lists Song Xu as President of Airship and John Zhu and Zhongwei Zhu, with different addresses, as Vice President. The affidavit of Jack Bailey also states a belief that JDL has ceased to do business and Airship is a new business that has taken its place.

Although the affidavit of Jack Bailey states a belief that Airship and JDL are alter egos, Bailey has offered no facts that create more than a speculative inference that JDL and Airship

11

are alter egos. The facts in Datacom's affidavits are consistent with Datacom's theory that Airship and JDL are alter egos, but they are also consistent with JDL's statement that Airship is a wholly owned subsidiary. Bailey's belief that JDL has ceased to do business is contradicted by the corporations divisions listings and web pages submitted with Plaintiff's Response. Such facts fail to raise the inference of personal jurisdiction beyond the speculative level and do not establish a prima facie showing of personal jurisdiction. Therefore, the Court lacks personal jurisdiction over Airship. Separate Defendants' Motion to Dismiss Airship is **GRANTED**.

The evidence presented shows that the separate individual defendants personally visited Arkansas for the purpose of conducting business with Datacom. The contacts of the separate individual defendants are high quality and specifically relate to the cause of action. They show that the separate individual defendants purposely availed themselves of the laws of Arkansas by conducting business in Arkansas. According to Datacom's Complaint, the individual defendants have used those contacts to acquire intellectual property that Datacom purports to own, and they have infringed Datacom's copyrights. The quality, quantity, and relationship of the cause of action to the contacts weigh in favor of personal jurisdiction as consistent with Due Process. Separate Defendants' Motion to Dismiss Song (Derek) Zhu, John

12

(Zhongwei) Zhu, and Victor Huang is **DENIED**.

**D. Conclusion**

Separate Defendants' Motion to Dismiss regarding Song (Derek) Xu, John (Zhongwei) Zhu, and Victor Huang is **DENIED**. Separate Defendants' Motion to Dismiss regarding Airship Industries is **GRANTED** for lack of personal jurisdiction. Plaintiff's Complaint against Airship is **DISMISSED WITHOUT PREJUDICE**. The remaining Defendants are hereby instructed to answer the complaint within ten (10) days.

IT IS SO ORDERED this 6th day of February, 2009.


/s/ Robert T. Dawson
Robert T. Dawson
United States District Judge

AO72A
(Rev. 8/82)