IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DATACOM SYSTEMS, INC.                                                                           PLAINTIFF

vs.                                           Civil No. 6:08-cv-06102

JDL DIGITAL SYSTEMS, INC. ET AL.                                                           DEFENDANTS

**ORDER**

Pending now before this Court is Defendants' Motion to Compel (Doc. No. 32) and Motion to Stay Time for Expert Disclosure (Doc. No. 37). Both of these motions have been referred to this Court by the Honorable Robert T. Dawson pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005). (Doc. Nos. 34, 38). In accordance with that referral, this Court now enters the following order on these pending motions.

**1. Background**

On November 17, 2008, DataCom Systems, Inc. ("Plaintiff") sued JDL Digital Systems, Inc., John Zhu, Song Xu, John Xu, and Victor Huang ("Defendants") for breach of contract.[1] (Doc. Nos. 1-2). In its amended complaint, Plaintiff alleged it "incurred unnecessary overhead costs of at least $211,104.00, has lost profits of at least $10,497,720.00, has incurred unnecessary servicing costs of at least $111,400, and has overpaid for hardware and software in an amount subject to proof at trial." (Doc. No. 2, P. 8).

Thereafter, the Parties agreed to a protective order for the disclosure of confidential information. This stipulated protective order was approved and entered on June 12, 2009. (Doc. No. 25). As a part of this protective order, documents considered "confidential" may only be disclosed

---

[1] On that date, Plaintiff filed both an original complaint and an amended complaint. (Doc. Nos. 1-2).

to a limited number of individuals. *Id.* P. 1-3.  These individuals include the court, mediators, independent experts or consultants, the attorneys representing the Parties, and others.  *Id.*  The protection afforded the Parties as a part of this stipulated protective order includes protection for information that "the producing party in good faith believes will harm the competitive position of the producing party if it becomes known to a person or party other than counsel for the receiving party."  *Id.*  Such competitive information is marked with the designation "Confidential - For Attorneys' Eyes Only."  *Id.* at 3.

After this stipulated protective order was entered, the Parties began actively engaging in discovery.  On August 19, 2009, Defendants served on Plaintiff Defendants' Second Set of Requests for Production.  (Doc. No. 32, Ex. 1).  Plaintiff responded to these discovery requests but withheld the documents responsive to Request Nos. 1-2 and 5-9.  On that same date, Defendants also served on Plaintiff Defendants' Third Set of Requests for Production of Documents.  (Doc. No. 32, Ex. 2). Plaintiff responded to these discovery requests but withheld documents responsive to Request No. 9.

With the current motion to compel, Defendants have requested that this Court require Plaintiff to respond to all of their requests for production.  (Doc. No. 32).  On October 23, 2009, Plaintiff responded to this motion and in its response, requested that this Court deny Defendants' motion to compel.  (Doc. No. 35).  On November 10, 2009, this Court held a hearing on these motions in Hot Springs, Arkansas.  As a part of this hearing, the Parties agreed that there was no longer a dispute as to Request Nos. 1 and 9 of Defendants' Second Set of Requests for Production. Plaintiff also stated it would produce documents in responsive to Request No. 7 of Defendants' Second Set of Requests for Production.  Therefore, this Court will not address Request Nos. 1, 7,

and 9 of Defendants' Second Set of Requests for Production but will address the remaining requests.

**2. Applicable Law**

This Court is authorized to compel discovery responses pursuant to Federal Rule of Civil Procedure 37(a)(3)(B). A motion to compel, if made by a party, must be made in the court where the action is pending and must only be made after the movant "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.* 37(a)(1), (a)(2). Discovery may be compelled if the information sought is "relevant to any party's claim or defense." *Id.* 26(b)(1). This relevant information "need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Where a motion to compel is properly made and is granted, a court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5). This mandatory fee-shifting provision is subject to three exceptions: (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (2) the opposing party's nondisclosure, response, or objection was substantially justified; or (3) other circumstances make an award of expenses unjust. *Id.* 37(a)(5)(A). Likewise, when a court grants a motion in part and denies a motion in part, the court is authorized to "apportion the reasonable expenses for the motion." *Id.* 37(a)(5)(C).

**3. Discussion**

With the present motion to compel, Defendants are moving to compel the production of

documents in response to Requests Nos. 2 and 5-8 of Defendants' Second Set of Requests for Production and Request No. 1 of Defendants' Third Set of Requests for Production. (Doc. No. 32). This Court will address each of these requests for production. However, because Plaintiff stated at the hearing that Request Nos. 2 and 8 of Defendants' Second Set of Requests for Production seek the same information, this Court will address these two requests together.

### A. Request Nos. 2 and 8 of Defendants' Second Set of Requests for Production

Request No. 2 of Defendants' Second Set of Requests for Production seeks the following: "All documents that refer or relate to any products and services that DataCom has sold, offered for sale, transferred, or disseminated to any person since March 29, 2005."[2] (Doc. No. 32, Ex. 1). Request No. 8 of Defendants' Second Set of Requests for Production seeks the following: "All documents that refer or relate to DataCom's response to Request for Production No. 7."[3] *Id.* In response to these requests, Plaintiff has offered to produce documents reflecting "payments received" but has not agreed to produce "all documents." (Doc. No. 32, Ex. 7). At the hearing on November 10, 2009, Plaintiff argued that it has not produced "all documents" because it was unclear how this information was relevant to the case. Plaintiff also argued that it did not intend to produce this information because this information is confidential.

However, because Plaintiff is seeking damages for lost profits, the *value* of the product

---

[2] Defendants' Request No. 2 seeks "*any* products and services." While it appears the only "products and services" sold by DataCom during this time period was the Video Surveillance Solution, this request appears to seek more than just the information related to the Video Surveillance Solution. However, to the extent Defendants' request seeks information beyond the Video Surveillance Solution product, Defendants have represented that this request should only interpreted as a request for information regarding the Video Surveillance Solution. Therefore, this Court interprets this request as being narrowed according to Defendants' representations.

[3] Request No. 7 of Defendants' Second Set of Requests for Production seeks the following: "Provide a list of all persons for whom DataCom has successfully installed products and/or services provided by JDL, including product and/service installed, installer, name of business contact, and date of installation." *Id.*

(Video Surveillance Solution) is clearly relevant to a determination of lost profits. Plaintiff represented that it would use its employees as witnesses to establish the amount of lots profits and the value of this product. However, although testimony from Plaintiff's employees may assist in determining the value of this product, their testimony is not the only method for determining its value. Another method is through the other sales of the same product, which is the information Defendants are requesting with this motion.

However, the information related to these sales is not without limit. In regards to sales that were not made, Plaintiff is directed to produce all documents related to sales that were not finalized upon which Plaintiff's claim of lost profits is based. With regard to sales actually made, Defendants are not entitled to all documents reflecting the negotiations of the actual sales of this product between Plaintiff and third parties. Instead, Defendants are only entitled to the documents (whether they be e-mails, invoices, etc.) reflecting the final sales agreement and price of the product along with the specifications of the product such that it may be determined what the value of the product was to that client. In response to Plaintiff's concerns regarding confidentiality, Plaintiff is reminded of the stipulated protective order and is directed to produce any confidential information in accordance with the requirements of that order. Therefore, Defendants' motion to compel responses to these two requests is **GRANTED IN PART.**

   B. **Request Nos. 5-6 of Defendants' Second Set of Requests for Production**

Request No. 5 of Defendants' Second Set of Requests for Production seeks the following: "Please provide a list of all past and present investors in and partners with DataCom since January 1, 2005, including address and telephone number." (Doc. No. 32, Ex. 1). Request No. 6 of Defendants' Second Set of Requests for Production seeks the following: "All documents that refer

5

or relate to DataCom's response to Request for Production No. 5." *Id.* Defendants claim they are entitled to the names of these investors because when they entered into this contract with Plaintiff, they were under the impression that DataCom was well capitalized and had adequate backing. Defendants claim that, by indicating it had an adequate number of investors with adequate funding, Plaintiff misrepresented its financial status and may have fraudulently induced Defendants into this contract. Therefore, Defendant claims the names of the investors are relevant in this case. In response to these requests, Plaintiff claims that this information is not relevant to the current lawsuit, that these investors do not have knowledge of any relevant facts, and that this information is confidential. (Doc. No. 36).

While the amount of investment backing is arguably an issue in this case, the names of the investors and their addresses and telephone numbers are not relevant. Plaintiff has represented that these individuals are not persons with knowledge of relevant facts, and this Court finds this information is outside the scope of discovery. *See* Fed. R. Civil P. 37(b)(1) (requiring that the discovery must be "relevant to any party's claim or defense"). Defendant can obtain information related to Plaintiff's financial backing through other sources, such as through Plaintiff's financial records. Therefore, Defendants' motion to compel responses to these two requests is **DENIED.**[4]

    **C.**    **Request No. 3 of Defendants' Third Set of Requests for Production**

Request No. 3 of Defendants' Third Set of Requests for Production seeks the following: "Please produce copies of the following financial documents for Datacom of the period of January 2004 to the present: (a) all checking account bank statements; (b) income tax returns; and (c) profit

---

[4] The Court also notes the Plaintiff represented at the hearing on this motion that it had no partners in this business.

and loss statements." (Doc. No. 32, Ex. 2). Plaintiff has represented it has no income tax returns or profit or loss statements from the relevant time period. Therefore, the only issue before this Court is whether "all checking account bank statements" should be produced.

After reviewing this request, this Court finds Plaintiff's checking account bank statements are clearly relevant to this case, especially since Plaintiff is seeking both lost profits and lost "overhead" costs. As noted above, such financial information is relevant to determining the *value* of the Video Surveillance Solution. However, Defendants' request for "all checking account bank statements" is too broad. Defendants are not entitled to all Plaintiff's financial information, whether that information is related to the sale of the Video Surveillance Solution or not. Instead, Defendants are only entitled to the portions of the checking account bank statements reflecting transactions involving the sales of the Video Surveillance Solution. This information should be disclosed, even if those documents reflect confidential information from third parties. In producing this information, Plaintiff is again reminded to follow the requirements of the stipulated protective order. Therefore, Defendants' motion to compel responses to this request is **GRANTED IN PART.**

### 4. Conclusion

Based upon the foregoing, and because the Court finds the production ordered above is reasonably calculated to lead to the discovery of admissible evidence, Defendants' Motion to Compel (Doc. No. 32) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff is given ten (10) days from the date of this order to produce the responsive documents. As for the award of reasonable expenses pursuant to Federal Rule of Civil Procedure 37(a)(5), this Court finds Plaintiff's nondisclosure was substantially justified. Therefore, this Court declines to award Defendants reasonable expenses.

Furthermore, Defendants' Motion to Stay Time for Expert Disclosure (Doc. No. 37) is also **GRANTED.** The Parties are given until ten (10) days after Plaintiff produces the documents responsive to this order to submit their expert reports.

**ENTERED this 13th day of November, 2009.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE